WILLIAM C. BRADLEY, Respondent, *v.* ROBERT H. McCUTCHEON, Appellant, and ROWLAND W. MANN, Defendant. •

(Supreme Court, Appellate Term, First Department, November, 1916.)

Pleading — sufficiency of defense — demurrer — answer — denial — when defense may not be stricken out — Municipal Court Code, § 88.

The sufficiency of a defense must be tested either by demurrer or by a motion for judgment on the pleadings.

The provision of section 88 of the Municipal Court Code that "All other objections which ·heretofore might have been taken by demurrer may be taken by mo'ion " does not authoriz? a motion to strike out a·defense for insufficiency; it only disposes of the necessity of a demurrer.

Where an answer denies a material allegation of the complaint a motion for an order overruling the defense as insufficient in law is proper practice, but where there is no such denial the appropriate motion is for judgment on the pleadings.

A defense unless sham may not be stricken out. ·

The fact that a contract to deliver corporate stock, upon its face executed, is under seal, does ·not preclude defendant in an action on a note from showing in defense that the consideration for the agreement, which was part of the same transaction, was usurious.

APPEAL by defendant Robert H. McCutcheon from a judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, in favor of the plaintiff.

Harrison Clark, Jr., for appellant.

Franklin H. Mills, for respondent.

SHEARN, J.   In this action to recover the balance on a promissory note the appellant pleaded usury as a

separate defense. When the case was called for trial, the court on motion struck out the entire separate defense, to which the appellant excepted, and then upon receiving the note in evidence and proof of part payment granted judgment for the plaintiff. There is no provision in the law for striking out an entire defense upon motion except upon the ground that it is sham. The proper procedure to test the sufficiency of a defense is to demur or to make a motion for judgment upon the pleadings. Section 88 of the Municipal Court Code provides that: "All other objections which heretofore might have been taken by demurrer may be taken by motion." This does not authorize a motion to strike out a defense for insufficiency. It merely disposes of the necessity of a demurrer. The motion, nevertheless, must be an authorized and appropriate one, and in such a case as this the appropriate motion, where the answer contains a denial of a material allegation of the complaint, would be one for an order overruling the defense as insufficient in law. If, for the purpose of taking an appeal, an order were entered, it should contain a recital and finding that the defense is or is not sufficient in law upon its face, and the order should contain such a provision with respect to leave to amend as justice requires. Of course if the answer contains no denial of any material allegation in the complaint, the motion would be the ordinary one for judgment on the pleadings. It may appear at first blush that there is only a nominal difference between overruling a defense and striking it out. The necessity for the distinction, however, not only lies in there being no authority in law for striking out a defense, unless it be sham, but in the fact that a defense stricken out could not be amended whereas one that is merely overruled as insufficient in law upon its face can be amended and usually is permitted to be amended on terms.

If the proper motion had been made and the proper order had been entered on appeal, the defendant would doubtless have been given leave to amend upon terms, the only valid point urged against the pleading being that it omitted the allegation of corrupt intent. The action of the court in striking out the separate defense must, therefore, be held to have been unauthorized, and as this was excepted to it necessitates reversing the judgment appealed from. In order to avoid a multiplicity of appeals, it seems best to dispose at this time of respondent's claim, upon which he succeeded below and which decision would naturally be followed again, namely, that because the contract to deliver stock, which was contemporaneous with and a condition of the plaintiff's making the loan, was under seal, the defendant is precluded from showing that the consideration was not that expressed but was the making of the loan. The learned counsel for the respondent assumes that the contract is an executed one because the terms contained in it have been carried out. The fact that the terms have subsequently been carried out is of no importance in this connection, where the contract is on its face an executory one, in which case the seal is only presumptive evidence of a consideration. But even if the contract were upon its face an executed contract, the mere fact that it was under seal would not preclude the defendant from showing the true consideration in this action, which is not one upon the agreement in question, but is upon a promissory note executed at the same time upon which it is contended the plaintiff exacted usury which he sought to cloak by means of an agreement which falsely states the consideration. The rule that evidence contradicting the recital of a consideration in a sealed instrument is incompetent for the purpose of invalidating the instrument because the instrument

would be valid without any consideration can have no bearing in a case where the evidence is offered, not for the purpose of invalidating the instrument but to prove the violation of a statute, which violation constitutes a defense to an action upon a collateral obligation. While, therefore, the defense was insufficient for failure to plead a corrupt intent to exact usury, it was not insufficient for the reason that led the court to strike it out and thereupon to render judgment for the plaintiff.

GUY and BIJUR, JJ., concur.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide event.